IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                                    CHAPTER 7

HARRIS CLAIBORNE FRAZIER                                   CASE NO. 08-03051-EE

BANCORPSOUTH BANK                                                PLAINTIFF

VS.                                              ADVERSARY NO. _____

HARRIS CLAIBORNE FRAZIER

**COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT
OR IN THE ALTERNATIVE, TO THE DISCHARGE OF DEBTORS**

**COMES NOW**, **BancorpSouth Bank,** by and through its attorney, and files this its Complaint objecting to the dischargeability of its indebtedness, or in the alternative to the Discharge of Harris Claiborne Frazier in the above referenced Chapter 7 case, and in support thereof, states the following:

Jurisdiction

I.

This action is a core proceeding over which the Court has jurisdiction under 28 U.S.C. §§157(b) and 1334, 11 U.S.C. §523 and §727, Bankruptcy Rules 4007 and 7001 et seq., and the order granting automatic reference to this Court.

Parties

II.

That BancorpSouth Bank (hereinafter referred to as "BancorpSouth") is a creditor in the bankruptcy proceeding of Harris Claiborne Frazier, being Case No. 08-03051-ee.

That the defendant herein, Harris Claiborne Frazier, (hereinafter referred to as "Frazier")

is an adult resident of RankinCounty, Mississippi, and may be served with process of this Court at his address of 79 Grandview Circle, Brandon, Mississippi, 39047.

III.

BancorpSouth is a secured creditor of the Debtor.

IV.

Derek A. Henderson is the Chapter 7 Trustee.

Facts

1. That on or about October 8, 2008, Frazier filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.

2. That on or about September 5, 2001, Van Buren Group LLC executed a Master Promissory Note ("Note") on behalf of BancorpSouth in the amount of $5,400,000.00, plus interest, regarding the development of condominiums in the City of Oxford, Lafayette County, Mississippi known as "Van Buren". A true and correct copy of said Note is attached hereto and incorporated herein as Exhibit "A".

Van Buren Group LLC is a Mississippi Limited Liability Company. Frazier is the Manager of Van Buren Group LLC.

3. That in order to secure this indebtedness, BancorpSouth was granted a Deed of Trust on the thirty (30) unit condominium plus .40 acres located in Oxford, Lafayette County, Mississippi. A true and correct copy of the Land Deed of Trust recorded in the Chancery Court of Lafayette County in Book 810 at Page 22 on September 12, 2001 is attached hereto and incorporated herein as Exhibit "B".

4. That Frazier executed an unconditional and continuing Guaranty on behalf of

BancorpSouth, a copy of which is attached hereto and incorporated herein as Exhibit "C".

Payment of the debt was also guaranteed by Austin Frazier, C. E. Frazier, Shelby K. Brantley, Jr. and Robert Crumpton. The Guarantors are jointly and severally liable to BancorpSouth for the payment of the outstanding indebtedness.

5. That on January 24, 2008, as a result of Frazier's actions and non payment of the debt, a Default Judgment was entered in the Chancery Court of Lafayette County, Mississippi, against Frazier on behalf of BancorpSouth in the amount of $1,214,533.00, plus interest at 8.5 percent per annum. A true and correct copy of Default Judgment is attached hereto and incorporated herein as Exhibit "D".

6. That the original indebtedness was reduced as a result of the sale of 21 units for which BancorpSouth received the proceeds of, less costs, expenses and commissions. These proceeds were credited to the Note and BancorpSouth executed 20 Partial Releases of the Deed of Trust, partially releasing the units sold and for which sales proceeds were paid to BancorpSouth.

7. Frazier, as Managing Member of Van Buren, sold seven (7) of the units of Van Buren without remitting the proceeds to BancorpSouth. No Partial Releases of the Deed of Trust were executed, and said units were sold without BancorpSouth's knowledge or consent, and were sold subject to the Deed of Trust.

## COUNT 1

The indebtedness due to BancorpSouth should not be discharged as the result of Frazier's actions as follows:

## I

### Sale of Van Buren Condominium Unit 201

That on December 31, 2003, Frazier attempted to transfer ownership of Unit 201 to Lynn M. Grenfell pursuant to a Warranty Deed from Van Buren Group, LLC recorded in Book 521 at Page 78 in the Chancery Court of Lafayette County, Mississippi. A true and correct copy of said Deed is attached hereto and incorporated herein as Exhibit "E".

Said Deed was executed by Frazier as the Manager of Van Buren Group.

That Grenfell paid approximately $251,289.72 for the purchase of said unit. A true and correct copy of the known checks made payable to Van Buren or Frazier Development are attached hereto and incorporated herein as Composite Exhibit "F".

That Frazier did not remit these funds to BancorpSouth and said property has not been released from BancorpSouth's Deed of Trust.

That pursuant to 11 U.S.C. §523 (a)(4), Frazier should not be granted a discharge of the indebtedness owed to BancorpSouth.

That pursuant to 11 U.S.C. §523 (a)(6), Frazier should not be granted a discharge of the indebtedness owed to BancorpSouth.

## II

### Sale of Van Buren Condominium Unit 102

That on August 12, 2005, Frazier attempted to transfer ownership of Unit 102 to Langston Oxford Properties, L.P., a Mississippi Limited Partnership, pursuant to a Warranty Deed from Van Buren Group, LLC recorded in Instrument No. 20007881 in the Chancery Court of Lafayette County, Mississippi. A true and correct copy of said Deed is attached hereto and incorporated

4

herein as Exhibit "G".

That Langston Oxford Properties, L.P. paid approximately $266,716.00 for the purchase of said unit. A true and correct copy of the known checks made payable to Van Buren or Frazier Development are attached hereto and incorporated herein as Composite Exhibit "H".

That Frazier did not remit these funds to BancorpSouth and said property has not been released from BancorpSouth's Deed of Trust.

That pursuant to 11 U.S.C. §523 (a)(4), Frazier should not be granted a discharge of the indebtedness owed to BancorpSouth.

That pursuant to 11 U.S.C. §523 (a)(6), Frazier should not be granted a discharge of the indebtedness owed to BancorpSouth.

## III

### Sale of Van Buren Condominium Unit 207

That on October 12, 2003, Frazier attempted to transfer ownership of Unit 207 to Susan M. Bryan, pursuant to a Warranty Deed from Van Buren Group, LLC recorded in Book 518 at Page 548 in the Chancery Court of Lafayette County, Mississippi. A true and correct copy of said Deed is attached hereto and incorporated herein as Exhibit "I".

Said Deed was executed by Frazier as the Manager of Van Buren Group.

That Susan M. Bryan paid approximately $265,857.41 for the purchase of said unit. A true and correct copy of the known checks made payable to Van Buren or Frazier Development are attached hereto and incorporated herein as Composite Exhibit "J".

That Frazier did not remit these funds to BancorpSouth and said property has not been released from BancorpSouth's Deed of Trust.

5

That pursuant to 11 U.S.C. §523 (a)(4), Frazier should not be granted a discharge of the indebtedness owed to BancorpSouth.

That pursuant to 11 U.S.C. §523 (a)(6), Frazier should not be granted a discharge of the indebtedness owed to BancorpSouth.

## IV

### Sale of Van Buren Condominium Unit 111

That on September 14, 2005, Frazier attempted to transfer ownership of Unit 111 to Norma Bourdeauz pursuant to a Warranty Deed from Van Buren Group, LLC recorded September 23, 2005, in Instrument No. 200509535 in the Chancery Court of Lafayette County, Mississippi. A true and correct copy of said Deed is attached hereto and incorporated herein as Exhibit "K".

Said Deed was executed by Frazier as the Manager of Van Buren Group.

That Norma Bourdeaux paid approximately $182,000.00 for the purchase of said unit. A true and correct copy of the known checks made payable to Van Buren or Frazier Development are attached hereto and incorporated herein as Composite Exhibit "L".

That Frazier did not remit these funds to BancorpSouth and said property has not been released from BancorpSouth's Deed of Trust.

That pursuant to 11 U.S.C. §523 (a)(4), Frazier should not be granted a discharge of the indebtedness owed to BancorpSouth.

That pursuant to 11 U.S.C. §523 (a)(6), Frazier should not be granted a discharge of the indebtedness owed to BancorpSouth.

## V

### Sale of Van Buren Condominium Unit 303

That pursuant to an Exchange Deed that was recorded on November 21, 2007, Frazier attempted to transfer ownership of Unit 303 to John and Lynn Albriton.

That pursuant to a Settlement Statement dated February 26, 2003, the Albriton's paid $250,418.20 for the purchase of said unit. A true and correct copy of the Settlement Statement is attached hereto and incorporated herein as Composite Exhibit "M".

That Frazier did not remit these funds to BancorpSouth and said property has not been released from BancorpSouth's Deed of Trust.

That pursuant to 11 U.S.C. §523 (a)(4), Frazier should not be granted a discharge of the indebtedness owed to BancorpSouth.

That pursuant to 11 U.S.C. §523 (a)(6), Frazier should not be granted a discharge of the indebtedness owed to BancorpSouth.

## VI

### Sale of Van Buren Condominium Units 305 and 306

That on February 23, 2004, a Warranty Deed from Van Buren Group, LLC executed by Frazier as Manager transferred Units 305 and 306 to John W. Lee, Jr. recorded in Book 522 at Page 307 in the Chancery Court of Lafayette County, Mississippi. A true and correct copy of said Deed is attached hereto and incorporated herein as Exhibit "N".

Said Deed was executed by Frazier as the Manager of Van Buren Group.

That upon information and belief, John W. Lee, Jr. paid approximately $399,000.00 for the purchase of said units, pursuant to the Purchase Agreement dated October 22, 2002, a true

and correct copy of which is attached hereto and incorporated herein as Exhibit "O".

That Frazier did not remit these funds to BancorpSouth and said property has not been released from BancorpSouth's Deed of Trust.

That pursuant to 11 U.S.C. §523 (a)(4), Frazier should not be granted a discharge of the indebtedness owed to BancorpSouth.

That pursuant to 11 U.S.C. §523 (a)(6), Frazier should not be granted a discharge of the indebtedness owed to BancorpSouth.

## VII

### Sale of Van Buren Condominium Unit 307

That upon information and belief, Frazier, as manager of Van Buren agreed to sell Unit 307 to Lee Medical Development, LLC ("Lee"). Said unit was contracted for sale in the amount of $300,000.00, of which the bank received $50,000.00, which was applied to the indebtedness. A true and correct copy of the Purchase Agreement is attached hereto and incorporated herein as Exhibit "P".

That Frazier did not remit the remaining funds to BancorpSouth and said property has not been released from BanCorpSouth's deed of trust.

That pursuant to 11 U.S.C. §523 (a)(4), Frazier should not be granted a discharge of the indebtedness owed to BancorpSouth.

That pursuant to 11 U.S.C. §523 (a)(6), Frazier should not be granted a discharge of the indebtedness owed to BancorpSouth.

## VIII

That upon information and belief, Frazier, as manager of Van Buren may have sold

other units which have not been released from BancorpSouth's deed of trust.

That pursuant to 11 U.S.C. §523 (a)(4), Frazier should not be granted a discharge of the indebtedness owed to BancorpSouth.

That pursuant to 11 U.S.C. §523 (a)(6), Frazier should not be granted a discharge of the indebtedness owed to BancorpSouth.

## COUNT II

### Objection to Discharge

BancorpSouth incorporates by reference paragraphs I through VIII herein.

### IX

That Frazier failed to disclose all of his assets in the bankruptcy petition and Schedules filed with the Court on October 28, 2008.

### X

That pursuant to 11 U.S.C. §727(a)(2)(A) Frazier should not be granted a discharge of the indebtedness owed to BancorpSouth.

### XI

That pursuant to 11 U.S.C.§727(a)(2)(B) Frazier should not be granted a discharge of the indebtedness owed to BancorpSouth.

### XII

That pursuant to 11 U.S.C.§727(a)(3) Frazier should not be granted a discharge of the indebtedness owed to BancorpSouth as he has failed to keep or preserve any books, records from which his business transactions might be ascertained, and has unsatisfactorily explained the loss of books and records.

### COUNT III

### Attorney's Fees

BancorpSouth incorporates by reference paragraphs I through XI above herein.

### XIII

That BancorpSouth is entitled to recover attorney's fees and costs as a result of bringing this action.

**WHEREFORE, PREMISES CONSIDERED**, BancorpSouth respectfully requests that this Court enter an order denying the dischargeability of Harris Claiborne Frazier's indebtedness with BancorpSouth Bank, plus interest and attorneys fees, or in the alternative, that the discharge of Harris Claiborne Frazier be denied, and for such other relief as deemed just.

**THIS** the 22nd day of June, 2009.

> Respectfully submitted,
> BANCORPSOUTH BANK
>
> BY: _____
> EILEEN N. SHAFFER

EILEEN N. SHAFFER
Post Office Box 1177
Jackson, Mississippi 39215-1177
(601) 969-3006